UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN C. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 17-cv-1252 |
| | ) | |
| JEFF STANDARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action alleging interference with his mail while a pretrial detainee at the Fulton County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff claims that in March and April, 2016, he sent six letters directed to a judge at the Fulton County Courthouse. Plaintiff asserts that mail for the courthouse was picked up by Defendant Jesse Hampton, a Fulton County bailiff. When Plaintiff received no reply to his letters, he asked a staff member about it. The unidentified staff member allegedly told him that Defendant Hampton had posted a memo directing staff to intercept and discard prisoners' letters

1

to Fulton County judges. Plaintiff claims that his letters to the judge complaining about his public defender might, if received, have changed the outcome in his criminal case. He alleges violation of his First Amendment and Fourteenth Amendment rights and a state law claim of intentional infliction of emotional distress.

Inmates have a First and Fourteenth Amendment substantive right to send and receive mail. *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999). See *Thornburgh v. Abbott*, 490 U.S. 401, 424–25, 109 S. Ct. 1874, 1887–88, 104 L. Ed. 2d 459 (1989) (the sender and recipient of personal correspondence has a First and Fourteenth Amendment protection "against unjustified governmental interference with the intended communication. ..."). *See also, Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (interference with mail violates right to free speech and association). Prison officials may, however, examine mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005)(internal citations omitted). While prison officials may seize and read inmate mail, they may only do so in furtherance of an important governmental interest and with no greater restriction than necessary. *See Koutnik v. Brown*, 456 F.3d 777, 784–85 (7th Cir. 2006).

Plaintiff states enough at this juncture for First and Fourteenth Amendment claims for interference with his mail. While Plaintiff claims that Hampton posted a memo, he does not explain how a bailiff at the County Courthouse would have the authority to post a memo governing staff conduct at the Jail. Plaintiff does not claim, however, that it was staff who threw out his mail, but appears to claim that this was done by Hampton. Plaintiff names Lieutenant LaFary, Jail staff and Sheriff Standard, but asserts no allegations against them. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005)

2

(citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998). These Defendants are DISMISSED.

Plaintiff also asserts a state law claim for the intentional infliction of emotional distress. "Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in 'extreme and outrageous conduct' that resulted in severe emotional distress." *Dent v. Nally*, No. 16-00442, 2016 WL 2865998, at *4 (S.D. Ill. May 17, 2016) (internal citations omitted). "[E]motional distress alone is not sufficient to give rise to a cause of action. The emotional distress must be severe." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006) (internal citations omitted). "Fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable." *Id.* at 1030. Here, Plaintiff does not allege facts sufficient to support the state law claim and it is dismissed.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely against Defendant Hampton for the interception and destruction of Plaintiff's mail. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Sheriff Standard, Doug LaFary and Fulton County Jail Staff are DISMISSED.

2. Plaintiff's motions for status [9, 10] are rendered MOOT by this order.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.  Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9.  Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 10/31/2017

                                                                   s/Michael M. Mihm
                                                                 MICHAEL M. MIHM
                                              UNITED STATES DISTRICT JUDGE