# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **NATHAN C. WALKER,** | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-1252-MMM |
| **JEFF STANDARD et al.,** | ) |
| **Defendants.** | ) |

## MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files an amended complaint alleging interference with his mail while a pretrial detainee at the Fulton County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff claims that in March, April and May, 2016, he sent six letters directed to a judge at the Fulton County Courthouse. He was apparently expecting a response and, when none was forthcoming, filed grievances with Defendants Sheriff standard and Jail Administrator Lafary. Plaintiff claims that Defendant Hooker later told him that Defendant Hampton, a bailiff at the Fulton County Courthouse, had posted a Memo advising the Jail officers to throw away any

mail addressed to a Fulton County judge. Plaintiff does not state whether the memo was posted at the Jail or at the courthouse, and does not address how a court bailiff would have the authority to direct Jail officers to act.

Plaintiff asserts that Defendant Hampton violated his First Amendment rights by posting a memo which caused his mail to be discarded. Plaintiff alleges that Defendants Standard and Lafary were aware of the memo and did not "take it down." It is not clear where the memo was posted or how Plaintiff was aware that Defendants Standard and Lafary knew of it. Inmates have a First and Fourteenth Amendment substantive right to send and receive mail. *Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir.1999). While it strains credulity to believe that a courthouse bailiff was systematically throwing out judges' mail, and ordering others to do so, the Court must review the complaint in the light most favorable to Plaintiff. As a result, the claims against Defendants Standard, Lafary and Hampton will proceed.

Plaintiff also names 10 Jail officers claiming that it was their job to sort the mail and give it to Defendant Hampton who would then walk it over to the courthouse. Plaintiff believes that the 10 officers threw away his mail or "participated" in it being thrown away. He does not address the possibility that it was Hampton who threw away the mail and does not make any specific allegations as to any individual officer. This vague claim is insufficient to plead that any one particular officer personally participated in the alleged wrongdoing. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)). Defendants Williams, Burget, White, Hooker, Hapke, Gohde, Gray, Twidwell, Bard and Jenny and they are DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the First and Fourteenth Amendment claims against Defendants Standard, Lafary and Hampton, identified herein. Sheriff Standard and Jail Administrator Lafary are to be added as Defendants. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Williams, Burget, White, Hooker, Hapke, Gohde, Gray, Twidwell, Bard and Jenny are DISMISSED.

2. The Clerk is directed to send to Defendants Standard and Lafary pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

   4/27/2018                                              s/Michael M. Mihm
ENTERED                                                  MICHAEL M. MIHM
                                                           UNITED STATES DISTRICT JUDGE